OPINION OF THE COURT
Peter E. Corning, J.
By petition dated July 7, 1980, the petitioners allege respondents to be in violation of the rules and regulations of the Department of Correctional Services of the State of New York and have requested:
(1) “That the Court declare that the respondents’ policy denying outdoor exercise to the Petitioners is unlawful and invalid.”
(2) “That the Court declare the respondents’ visitation policies with regard to the Special Housing Unit, at Auburn Correctional Facility are unlawful and invalid.”
(3) “That the Court order the respondents to immediately take steps to insure that the visitation privileges available to the petitioners be the same as those available to the general prison population.”
(4) “That the Court order the respondents to immediately provide the petitioners with one hour of daily outdoor exercise required by state regulations.”
Prior to a hearing on this matter, requests numbered 2 and 4 were resolved and withdrawn. This court is then left with the determination whether petitioners are being denied exercise as required by law.
*64 Section 301.5 (b) of title 7 of the Official Compilation of Codes, Rules and Regulations of the State of New York states: “Except as otherwise provided in this section, every inmate shall be permitted to exercise outside of his cell for at least one hour each day and where weather permits, such exercise shall be permitted out of doors.”
This court finds that petitioners are permitted to exercise outside of their cells for at least one hour each day in any one of four rooms located above the special housing unit at the Auburn Correctional Facility. It is the exercise within these rooms that petitioners contend is in violation of 7 NYCRR 301.5 (b). Petitioners claim such exercise does not conform to the requirement that said exercise “shall be permitted out of doors.”
The rooms in question measure 20’ x 40’ x 15’ and are constructed of brick walls with a glass top roof with bars across the glass. A view of these rooms indicates the glass to be covered with a tar paper which allegedly was placed there to protect the room from the elements. There are windows in the walls of the rooms at approximately eight feet, some of which open so as to allow in fresh air.
Without going into a lengthy discourse concerning the attributes and problems concerning the exercise area, it is the decision of this court that the privilege of exercising in these rooms cannot be considered as “out of doors”. This court therefore finds that the petitioners are being deprived of outdoor exercise as required by 7 NYCRR 301.5 (b).
Accordingly, the respondent is directed to furnish to this court within 60 days a plan for outdoor exercise for petitioners which will conform to 7 NYCRR 301.5 (b).